## STEPHENS v. OTEY.

No. 11779—Opinion Filed Oct. 23, 1923.

**1. Bills and Notes — Suit on Check — Defense—Failure of Consideration.**

Where A. sues B. on check duly executed and delivered by B., and B. thereafter stops payment on said check, and in a suit by A. to recover on said check, B. pleads failure of consideration, the question of such failure of consideration is an issue of fact to be determined by the jury under proper instructions of the court.

**2. Appeal and Error—Questions of Fact—Verdict.**

Where B. pleads failure of consideration as a defense to an action brought to recover on a check, and the testimony discloses that said check was given as the purchase price of an automobile, and where the question of delivery of said automobile was properly in issue and submitted to the jury by proper instructions, a general verdict of the jury in favor of the defendant cannot be disturbed where there is evidence to support the same.

**3. Same.**

Record examined, and held, that the evidence is sufficient to sustain the verdict of the jury.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Preston A. Shinn, Judge.

Action by C. F. Stephens against D. E. Otey. Judgment for defendant, and plaintiff brings error. Affirmed.

Leahy, McDonald, Burnette & Files, for plaintiff in error.

L. F. Roberts and L. P. Mosier, for defendant in error.

Opinion by LYONS, C. Plaintiff in error plaintiff in the court below) sued the defendant to recover the sum of $880 and the costs of this action, alleging that a check on the First National Bank of Pawhuska had been made, executed, and delivered by defendant to plaintiff and that payment of said check had been stopped by defendant. Defendant answered claiming failure of consideration. The defense is substantially that the check was given in payment for an automobile purchased by defendant from plaintiff, and that no delivery of said automobile was ever made, but plaintiff refused to make delivery and that therefore the consideration failed. The testimony disclosed an agreement between the parties for the purchase of an automobile, the purchase price to be the sum of $880, and the question of delivery was in issue.

There is testimony to support the defendant's theory that he had merely examined the automobile, ridden in it, and that it was at all times in the custody of the plaintiff, that while in such custody a day or two after the negotiations for the sale were made, the plaintiff's garage, together with said automobile, was destroyed by fire. The jury decided that the defendant's contention was true on the issue made, and rendered a verdict for defendant.

The court's instructions properly state the law, and no exception was taken to the instructions. There is evidence to support the verdict, and under the state of the record the judgment of the lower court must be affirmed. It is so ordered.

By the Court: It is so ordered.